■ PINTER-ZWICKER ELECTRIC Co., INC., Respondent, v ALLIANCE ELECTRIC, INC., Appellant, and ZWICKER ELECTRIC Co., INC., Respondent.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered April 30, 1990, which denied defendant Alliance Electric, Inc.'s motion to compel disclosure and for sanctions and attorney's fees and granted plaintiff's motion and defendant Zwicker Electric Co., Inc.'s counterclaim for a protective order, unanimously modified, on the law, the facts and in the exercise of discretion, to grant the motion to compel discovery and to vacate the protective order, and otherwise affirmed, with costs.

Plaintiff, an electrical subcontractor, sought to recover damages for breach of an agreement entered into with its parent company, defendant Zwicker Electric Co., Inc., and defendant Alliance Electric, Inc. pertaining to construction projects in the Philadelphia area. At a preliminary conference held on January 9, 1990, the Supreme Court proposed a timetable for discovery, which was incorporated into a Preliminary Conference Order. The portion of the order entitled "Examination Before Trial" contained a box to be checked off if such examination was waived. It was not checked off nor was the box labeled "none" under the section entitled "Other Disclosure."

Alliance thereafter served notice to depose certain nonparty witnesses who were employees and/or officers and directors of plaintiff and/or Zwicker Electric Company and of Turner Construction Company. It also served a request for documents. Plaintiff and Zwicker Electric, however, refused to produce any documents on the ground that Alliance had waived any right to document discovery. They claimed that since the Preliminary Conference Order made no provision for such discovery and since Alliance had never requested such discovery at the conference or since the action was commenced in September of 1988, such discovery was waived. They further maintained that the document request was overly broad and sought material irrelevant to the lawsuit.

Alliance moved to compel disclosure and for sanctions and attorney's fees. Plaintiff and Zwicker Electric moved for a

protective order. The Supreme Court concluded that Alliance's discovery demands violated the Preliminary Conference Order and were neither material nor necessary to the defense of the action. It therefore denied the motion to compel disclosure and granted the motion for a protective order.

Contrary to the conclusion reached by the Supreme Court, we find that Alliance did not waive its right at the preliminary conference to seek further discovery and that the discovery requested is material and necessary to the defense of this action. The court is to establish a timetable for the completion of all disclosure proceedings at a preliminary conference and at its conclusion, "shall make a written order including its directions to the parties as well as stipulations of counsel" (Uniform Rules for Trial Cts, 22 NYCRR 202.12 [c], [d]). There is nothing in the record to establish that Alliance affirmatively relinquished its right to seek additional post-conference discovery. The boxes for "waiver" and no other outstanding disclosure were left blank on the Preliminary Conference Order.

The discovery sought is also material and necessary to the defense of this action, particularly in light of our previous holding which modified an order of the Supreme Court to deny plaintiff and Zwicker Electric's motion for summary judgment dismissing Alliance's second delay damage affirmative defense and related third counterclaim against plaintiff (Pinter-Zwicker Elec. Co. v Alliance Elec., 169 AD2d 432). Triable issues of fact were found to exist with regard to whether plaintiff breached an implied covenant of good faith and fair dealing. The discovery sought herein, including the depositions of the chairman and president of the companies, is material and necessary to a determination of this issue.

We further find that the document request is neither overbroad nor vague. While Alliance's post-conference notices to depose improperly called for depositions to take place fifteen rather than twenty days after service of the notices (CPLR 3107), preclusion of the depositions is unwarranted. Dates for the depositions may be arranged on remittitur.

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Asch and Kassal, JJ.